No. 879

First Circuit

ENCYCLOPEDIA BRITANNICA CORP. v. CARVILLE

(December 8, 1931. Opinion and Decree.)

S. R. Hebert, of Plaquemine, attorney for plaintiff, appellant.

Joseph Nicolosi, of Plaquemine, attorney for defendant, appellee.

LeBLANC, J. Plaintiff seeks to recover from the defendant, who is a practicing attorney at law in the parish of Iberville, the sum of $200, which it is alleged he collected on an account which had been placed with him for collection, and the proceeds of which it is claimed were never remitted by him.

The defense is a plea of payment; the defendant averring that he had been authorized to accept the sum of $150 in payment of the account, which amount had been paid to him by some one representing the debtor, and that he had remitted the proceeds after deducting a collection fee of 20 per cent.

The transaction leading to this litigation dates prior to the year 1917. The plaintiff had an account on its books against a certain Mrs. Elodie DeSeay, at that time the widow of Edward Clinton McGehee and afterwards the wife of W. D. Cann. The account was for the sum of $263. This appears from a letter dated January 24, 1917, in which the claim was forwarded to the defendant for collection. In a subsequent letter written by the plaintiff to the defendant, mention is made of an additional amount of $64 being due on some other account. This letter bears date May 28, 1917, and in it, plaintiff states that if Mrs. McGehee will pay the sum of $200, they will release her from all her obligations to them. On June 27, 1917, defendant wrote plaintiff that Mrs. McGehee had advised him that she would be unable to pay $200, but that if they would accept $150, she might be able to borrow the money and settle the claim with them. The matter then dragged for some time, during which defendant was presented with a check for $200 for the account of Mrs. McGehee, which he accepted and endorsed as attorney for the plaintiff. The date on which this payment was made is not certain. According to the defendant, it seems that in an effort to make it easier for Mrs. McGehee, he advised her representative that the counter-offer of $150 which he had made plaintiff at her suggestion was still pending, and that he would hold the proceeds of the check for $200 awaiting the action plaintiff would take on it. The offer was subsequently accepted and defendant contends that he discharged his duties as plaintiff's agent and attorney when he remitted to them his check for $120, that being the final amount of the compromise, less his commission.

The district judge held that defendant had sustained his plea of payment of the $150 less his fee. He further held, however, that, as attorney for plaintiff, having accepted and cashed the check for $200, defendant should have remitted his client on the basis of that settlement, less his fee for making the collection. Judgment was accordingly rendered in favor of the plaintiff in the sum of $40, that being the difference between the two amounts, less a commission of 20 per cent, with interest from August 15, 1917. Plaintiff has appealed.

As is readily observed from the statement of the case, no intricate legal principles are involved, the defendant freely conceding that the burden of supporting his plea of payment rested on him. The long delay of more than ten years between the time of the transactions involving a settlement of the claim and the filing and trial of this suit, and the fact, according to the uncontradicted testimony of the

defendant, that a fire in his office had destroyed some of his records in which most probably were some of those he would have relied on to make his proof, were some of the circumstances which led the trial judge to accept his word that he had made the remittance of $120 by check on the Iberville Bank & Trust Company, as against only the testimony of the assistant treasurer of the plaintiff corporation, testifying many years after, that the payment had not been made.

A more serious question in the case may be said to be one involving the credibility and the integrity of the defendant, who is a member of the bar, and as we believe the judge of the district court before which he practices is in a better position to pass on a matter of this kind than perhaps anyone else, his judgment should prevail over any inuendoes or suggestion that may arise from the record. In this connection we note further, as again appears from the uncontradicted testimony of the defendant, that the subject-matter of this suit, some years ago, formed the basis of a complaint made against him before the grievance and ethics committee of the Louisiana Bar Association, which also accepted his explanation and dismissed the charge. This is an additional circumstance, which we believe, tends to favor the defendant.

The defendant makes no serious complaint about that part of the judgment which condemns him to pay the additional sum of $40 with interest and costs, which we believe was also properly rendered.